hH. CHARLES GAUDIN, Judge Pro Tem.
Plaintiff/appellant Fate Ferrell appeals the judgment dismissing his case against defendanVappellee Estate of James Donovan. Ferrell filed suit against Donovan, since deceased, for legal malpractice; specifically, for allowing his lawsuit against Crown Zellerbach to prescribe. We affirm, finding, as did the trial judge, that Ferrell’s claim was under the Employment Retirement Income Security Act (ERISA) and that it had not prescribed when Donovan’s representation ended.
Ferrell was injured during the course and scope of his employment with Crown Zellerbach on September 9, 1983. After the injury, Ferrell met with members of Crown Zellerbach and his (Ferrell’s) union to discuss his disability retirement under Crown Zellerbach’s ERISA plan. On December 9, 1984, Ferrell’s employment was terminated.
Donovan was retained by Ferrell to recover disability benefits. Suit was filed on October 3, 1985. The claim was denied by Crown Zellerbach’s Pension Review Panel on July 28, 1986. An appeal was denied by the Pension Review Panel on May 5, 1987. On November 9,1989, Donovan met with Ferrell and informed him that he no longer wished to represent him and advised him to seek other counsel.
|20n December 12, 1989, an associate of Donovan, filed suit against three employees of Crown Zellerbach and two union officials for fraud and misrepresentation. In the face of an affirmative defense stating that these claims were preempted under ERISA, this action was dismissed by Donovan’s associate after he advised Ferrell that sanctions could be imposed for the filing of frivolous claims.
Ferrell filed the instant suit against Donovan on November 7, 1990 alleging legal malpractice and negligence. This went to trial on September 27, 1990. Ferrell argued that his cause of action against Crown Zellerbach was a “hybrid claim” under the Labor Management Relations Act of 1947 (LMRA) Section 301 and subject to a six-month prescriptive period and that the ten-year ERISA prescriptive period did not apply. After Ferrell had presented his case, Donovan moved for an involuntary dismissal, alleging that Ferrell had failed to prove that the cause of action against Crown Zellerbach had not prescribed when suit was filed against Donovan on November 7, 1990. The trial judge agreed with Donovan.
On appeal, Ferrell alleges two assignments of error: (1) the trial court erred in ruling that his claims against his employer and union had not prescribed prior to Donovan’s filing suit on his behalf and (2) the trial court erred in finding no basis for the imposition of liability upon Donovan for legal malpractice or negligence.
Ferrell alleges that his case was a “hybrid suit” involving a ERISA cause of action and a cause of action under Section 301 of the Labor Management Relations Act (LMRA). He further alleges that his cause of faction had prescribed prior to Donovan filing suit on his behalf because the time for filing suit was six months under the LMRA. Donovan’s contention, which was sustained by the trial court, is that Ferrell’s only cause of action was under ERISA, which had not prescribed when he filed suit against Donovan.
Ferrell alleges that his cause of action was against his employer for deceptive practices which resulted in a denial of benefits and against his union for failure to adequately protect his interests in obtaining benefits. The first is an ERISA claim while the second is a Section 301 LMRA claim.
*262 Ferrell relies on the United States Supreme Court decision in DelCostello v. International Broth. Of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In DelCostello, the court held that the suit against the employer rested on Section 301 of the LMRA because the employee alleged a breach of the collective-bargaining agreement. The Supreme Court further held that the suit against the union was one for breach of the union’s duty of fair representation, which was implied under the scheme of the National Labor Relations Act; thus, the suit was not a straightforward breach of contract suit under Section 301 but a hybrid Section 301/ fair representation claim subject to the six-month prescriptive period of Section 10(b) of the NLRB.
Donovan cites the United States Fifth Circuit opinion in Degan v. Ford Motor Co., 869 F.2d 889 (5th Cir.1989) in support of his contention that Ferrell’s cause of action was not a hybrid claim under Del-Costello, but rather a ERISA claim under 29 U.S.C. § 1132(a)(1)(B). In Degan, the employee never complained of the breach of the collective-bargaining agreement as in \4PelCostello. Degan’s contractual claims asserted only that the employer’s oral promises to him and several others were enforceable. The court held that common law contract and tort claims based upon laws of general application are preempted by ERISA, rather than Section 301 of the NLRA, to the extent that they relate to an employee benefit plan. Moreover, when beneficiaries bring such claims to recover benefits from a covered plan, those claims fall under ERISA’s 29 U.S.C. § 1132(a)(1)(B), which provides an exclusive federal cause of action for the resolution of such claims.
The appealed-from decision here held that Ferrell’s cause of action was under ERISA only and followed the reasons in Degan. The Court reasoned that Ferrell’s claims were governed by ERISA and not the LMRA because they are based on the wrongful denial of benefits, not on Crown Zellerbach’s breach of its collective-bargaining agreement. We do not find that the trial court erred in this assessment.
ERISA does not set forth the statute of limitations to govern actions to clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B). Courts must look to the state statute of limitations most analogous to the claim being advanced. These claims are governed by Louisiana’s 10-year prescriptive period.[1] Since his cause of action was under ERISA, Ferrell’s claims did not prescribe until December 6, 1994, or 10 years from the denial of his claim by the Pension Review Panel.
In summary, it is our opinion that Ferrell does not have a cause of action against Donovan for legal malpractice or negligence. When he chose |sto discontinue his representation of Ferrell, Donovan notified Ferrell’s new attorney of the applicable prescriptive period. The claim did not prescribe until December 6, 1994, so Ferrell had time to file suit against Crown Zellerbach prior to his filing suit against Donovan for legal malpractice and negligence. The judgment of the district court granting an involuntary dismissal of Ferrell’s claims is affirmed.
AFFIRMED.

. See LSA-C.C. art. 3499 and Babkow v. Morris Bart, P.L.C., 98-0256 (La.App. 4th Cir. 12/16/98), 726 So.2d 423.